# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Ridgeview IP LLC,**<br><br>   Plaintiff,<br><br>   v.<br><br>**NXP USA, Inc. DBA as NXP Semiconductors USA, Inc.,**<br><br>   Defendant. | Case No. 6:22-cv-00559<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ridgeview IP LLC ("Plaintiff"), through its attorneys, complains of NXP USA, Inc. DBA as NXP Semiconductors USA, Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Ridgeview IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 3333 Preston Road STE 300, #1070, Frisco, TX 75034.

2. Defendant NXP USA, Inc. DBA as NXP Semiconductors USA, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 6501 W. William Cannon Dr., Austin, TX 78735. Defendant can be served through its registered agent, CSC-Lawyers Incorporating Service Company 211 E. 7th Street Suite 620 Austin, Tx 78701.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and has a regular and established business in this District's state.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,983,270 (the "Patent-in-Suit" or the "270 Patent"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '270 PATENT

8. The '270 Patent is entitled "Method and apparatus for displaying database search results," and issued January 3, 2006. The application leading to the

'270 Patent was filed on January 24, 2001. A true and correct copy of the '270 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '270 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '270 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement**. Defendant has directly infringed claim 1 of the '270 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe claim 1 of the '270 Patent also identified in the charts incorporated into this Count below literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe claim 1 of the '270 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, claim 1 of the '270 Patent Claim, by having its employees internally test and use these Exemplary Products.

13. Exhibit 2 includes charts comparing claim 1 of the '270 Patent to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '270 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of claim 1 of the '270 Patent.

14. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

16. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '270 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly claim 1 of the '270 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '270 Patent.

E. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: May 31, 2022                    Respectfully submitted,

_/s/ R. W. Mort III_
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**